State v. Acuff

*Attorney General Morgan and Assistant Attorney General Weathers for the State.*

*Fred D. Poisson for defendant appellant.*

MALLARD, Chief Judge.

STATE OF NORTH CAROLINA v. THOMAS MEEKINS ACUFF

No. 7027SC622

(Filed 18 November 1970)

Criminal Law § 145.1— appeal from revocation of probation — intelligent waiver of rights at hearing

On appeal from a hearing in which defendant's sentence of probation was revoked, defendant's contention that his waiver of appointed counsel and a bill of particulars at the hearing was not intelligently and understandingly made, in that the court failed to advise him that his suspended sentence could be activated as a result of the hearing, *held* without merit.

APPEAL by defendant from *Falls, Judge,* 8 July 1970 Session of CLEVELAND County Superior Court.

Defendant, in June 1967, entered a plea of guilty to the charge of the unlawful burning of an automobile with the felonious intent to injure the insurer of the automobile. At that time he waived the appointment of counsel. He was sentenced to from three to five years in prison. The sentence was suspended, and he was placed on probation for five years. Two of the terms of the probationary judgment were that he not violate any state or federal laws and that he remain within a specified area and not change his residence without written consent. In September 1967, he entered a plea of guilty to driving with no liability insurance and no registration. At that time, the probation officers did not ask that his probation be revoked. In June 1970, he left the State without permission to take a friend to Indiana, developed car trouble, and was "bumming" back to North Carolina. On July 1, 1970, he was taken into custody by officers in Cincinnati, Ohio. On July 7, 1970, he was returned by his probation officer to North Carolina. The next day he was taken to superior court for a revocation hearing, having indicated his desire to waive his right to a bill of particulars and appointed counsel. In open court, he orally waived his right to a bill of particulars and counsel and also signed a written waiver for each. From the entry of judgment activating the sentence, he appealed, represented by court appointed counsel.

*Attorney General Morgan, by Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*J. A. West for defendant, appellant.*

MORRIS, Judge.

On appeal defendant contends that he did not intelligently and understandingly waive his rights because the court failed to advise him that the result of the hearing could be that he would have to serve the three to five year sentence; and, therefore, the court committed reversible error in entering the order revoking his probation and putting the three to five year sentence into effect. He does not contend that the facts found were not supported by competent evidence.

The record reveals that when the court was advised that defendant wished to waive his right to counsel and a bill of particulars, he questioned the defendant thoroughly in open

court. From the questions asked by the court and the unequivocal answers of the defendant, there can be no doubt but that the defendant clearly understood that he had a right to have a bill of particulars served on him twenty-four hours before the hearing, had a right to counsel, to have counsel appointed if he could not afford counsel, and had a right to waive these rights if he so desired. In addition, he signed written waivers of both rights.

` Defendant cites no authority for his contention that the court erred in failing to advise defendant that his suspended sentence could be activated. It is obvious that defendant was aware of that possibility and had been aware of it since the entry of the probationary judgment in 1967. Signifying his consent to the terms of the probation, defendant signed the order which contained the following: "If you violate any of the conditions of your probation or orders of your probation officer you will be subject to arrest upon order of the Court, or by the probation officer. At any time within the period of your probation, the Court may, if it see fit, impose the Judgment and sentence it might have imposed in the first instance."

In the proceedings in the superior court, we find

No error.

