STATE OF NORTH CAROLINA v. LONNIE R. HARDY

No. 8519SC643

(Filed 3 December 1985)

**Constitutional Law § 49— waiver of counsel—statutory procedure not followed**

The trial court erred in a prosecution for conspiracy to damage property by use of an explosive device by allowing defendant to represent himself without determining whether he had voluntarily and freely waived his right to counsel where, although the court signed a certification indicating that the procedure required by N.C.G.S. 15A-1242 had been followed, transcripts taken at the time the waiver was signed and at the time defendant entered his guilty plea show that the procedure was not followed.

ON writ of certiorari to review 6 December 1984 Judgment of *Cornelius, Judge.* Judgment entered 6 December 1984 in Superior Court, CABARRUS County. Heard in the Court of Appeals 7 November 1985.

On 16 January 1984 defendant was indicted for conspiracy to damage property by the use of an explosive device. On 23 May 1984 the defendant was arraigned and pleaded not guilty. He was represented by James Snow on that occasion.

On 30 July 1984 the following transpired in open court:

MR. SNOW: I have first appeared for Mr. Hardy and at that time we entered a plea of Not Guilty.

Mr. Hardy and I had discussions about the matters upon which I would be employed and the scope of my representation of him.

Since that time he wishes to substantially change the type of manner of his representation and get into some other

collateral matters, and I have advised him that I do not believe I am properly equipped to handle those matters, and he agrees with that.

Also, he has contacted apparently other Counsel here and Winston-Salem, and he is apparently discussing some portions of his projected defense with members of the Attorney General's Office in Raleigh; and at this particular time I would advise the Court that I do not believe that my withdrawal would be substantially critical to either the Defendant or the State.

As I say, I am not equipped to represent him in the manner in which he wants to be represented, and with respect to the State, it appears that the victim and Mr. Hardy live considerable distance apart and there has been no contact between the two of them.

He is under a very restricted bond and it required him practically daily to report to the SBI Office out of Greensboro, and the prime or principal Witness for the State is currently with the State through incarceration, and so I do not believe that the withdrawal would be critical at this point to the eventual disposition of this case.

As a final act for Mr. Hardy prior to withdrawing I would move the Court to continue the matter forward to an appropriate term.

I hear you have a term September 24th, and Mr. Hardy has been advised he will need speedy trial.

He is willing to do both of these in order to effectuate my withdrawal and to continue the matter to an appropriate date.

COURT: Is that correct, sir?

DEFENDANT: Yes, sir.

COURT: Sign the Waiver of Rights to an attorney and sign the form for the speedy trial.

Following this exchange the defendant signed a waiver of counsel and the court made certification of waiver. These documents read as follows:

The undersigned represents to the Court that he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands. The undersigned now states to the Court that he does not desire the assignment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

CERTIFICATE OF JUDGE

I hereby certify that the above named person has been fully informed in open Court of the nature of the proceeding or of the charges against him and of his right to have counsel assigned by the Court to represent him in this case; that he has elected in open Court to be tried in this case without the assignment of counsel; and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

This the 30th day of July, 1984.

On 26 November 1984, defendant appeared in court representing himself. As defendant was preparing to enter a plea the following exchange occurred:

. COURT: Have you discussed your case fully—You have waived the right to have an attorney; is that correct?

MR. HARDY: The original attorney I had was not hired by me. I did not pay him.

COURT: Did you at that time execute a waiver before the Court, did you not?

MR. HARDY: Yes. There was a reason behind it. This attorney represented me in a previous case, Mr. Snow, and at this time on the day I went to Court, he did not appear in Court.

MR. SPEAS: I believe you requested that he withdraw from the case?

MR. HARDY: Yes, sir, because I had not hired him. My fiancee had hired this gentlemen and the only way I could

get an attorney he said, the only way I could get him off this case after he had been hired by her was to waive counsel. Since that time I have been in Court sessions three different times and I have lost a job every time I came to Cabarrus County and had to stay the entire week. I have not had gainful employment since I have been charged with this crime.

After these statements the court did not inquire any further concerning whether defendant was indigent and desired to have counsel appointed, but continued to ask defendant questions from the plea transcript form.

On 6 December 1984 the court entered judgment based upon the guilty plea tendered on 26 November 1984. In the judgment the court found factors in aggravation and factors in mitigation and found that the factors in aggravation outweighed the factors in mitigation. Based upon this finding the court sentenced defendant to eight years imprisonment, a term in excess of the presumptive term. From this judgment, defendant gave notice of appeal. On 25 February 1985 the Senior Resident Superior Court Judge appointed counsel to prosecute the appeal. As part of his review of the record counsel excepted to actions of the court which were not appealable pursuant to G.S. 7A-27(b). Counsel in a well written brief requested that we review these issues by way of certiorari. After reviewing the defendant's request and the State's response thereto the Court, in its discretion, allows defendant's request for a writ of certiorari to review the non-appealable issues.

*Attorney General Lacy H. Thornburg, by Associate Attorney Angeline M. Maletto, for the State.*

*Steven A. Grossman for defendant appellant.*

ARNOLD, Judge.

The issue dispositive of this action is whether the court erred by allowing the defendant to represent himself without determining whether he had voluntarily and freely waived his right to counsel. Believing the court erred we vacate the 6 December 1984 judgment.

The Sixth Amendment to the United States Constitution guarantees persons accused of serious crimes the right to counsel.

*Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792 (1963). If those persons cannot afford counsel, the court must appoint one to represent them. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530, 92 S.Ct. 2006 (1972). This right has been made applicable to the states by the Fourteenth Amendment. *Id.* A person may refuse counsel and conduct his or her own defense. *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562, 95 S.Ct. 2525 (1975). However, waiver of counsel must be voluntarily and knowingly made, and the record must show that the defendant was literate and competent, and that he voluntarily and of his own free will waived this right. *Id. See also State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980).

G.S. 15A-1242 provides the following test for determining whether a person will be allowed to represent himself:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

Although the court signed a certification indicating that this procedure had been followed, the transcripts, taken at the time the waiver was signed and at the time when defendant entered his guilty plea, show that the proper procedure was not followed. Thus, the judgment entered must be vacated and the case remanded for a determination of whether the defendant is entitled to have counsel appointed to represent him in this action.

Vacated and remanded.

Judges MARTIN and COZORT concur.