STATE OF NORTH CAROLINA v. DAISY WARREN WELLS

No. 852SC815

(Filed 21 January 1986)

**Constitutional Law § 49— indigent defendant—waiver of right to assigned counsel —N.C.G.S. 15A-1242 not followed**

Defendant's conviction for food stamp fraud was vacated where defendant signed a written waiver of the right to assigned counsel but the record indicated that the court did not inquire into whether defendant understood and appreciated the consequences of her decision and comprehended the nature of the charges and proceedings and the range of permissible punishments. N.C.G.S. 15A-1242.

APPEAL by defendant from *Brown, Judge.* Judgment entered 25 March 1985 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 22 November 1985.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General James B. Richmond for the State.*

*Carter, Archie & Hassell by Sid Hassell, Jr., for defendant appellant.*

COZORT, Judge.

Defendant was charged in a proper bill of indictment with food stamp fraud in violation of G.S. 108A-53(a). She signed a written "Waiver of Right to Assigned Counsel" and pled not guilty to the offense. At trial, both the State and defendant presented evidence. A jury found defendant guilty as charged and she was sentenced to the presumptive term of three years for a Class H felony. Defendant appealed.

While represented by counsel on appeal, defendant makes no assignment of error or argument. Rather, defendant's counsel notes that he has "carefully examined the court file and the trial transcript" and finds "no prejudicial error to assign." On behalf of

the defendant, defense counsel requests that we examine the record and transcript and give defendant the benefit of any errors we may find.

Pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed. 2d 493, 87 S.Ct. 1396 (1967), and the recent opinion of our Supreme Court in *State v. Kinch*, 314 N.C. 99, 331 S.E. 2d 665 (1985), we have reviewed the legal points appearing in the record, transcript and briefs on appeal. While our examination reveals that the evidence was sufficient to support defendant's conviction, we must vacate the conviction because the record shows that defendant was not properly advised of her right to counsel before "waiving" that constitutional right.

In *State v. Thacker*, 301 N.C. 348, 353-54, 271 S.E. 2d 252, 256 (1980), our Supreme Court summarized the law on defendant's waiver of his constitutional right to counsel.

> The right to counsel guaranteed to all criminal defendants by the Constitution also implicitly gives a defendant the right to refuse counsel and conduct his or her own defense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975). Services of counsel cannot be forced upon an unwilling defendant. *Id.; State v. Mems*, 281 N.C. 658, 190 S.E. 2d 164 (1972); *State v. Morgan*, 272 N.C. 97, 157 S.E. 2d 606 (1967) (per curiam); *State v. McNeil*, 263 N.C. at 267-68, 139 S.E. 2d at 672; *State v. Bines*, 263 N.C. 48, 138 S.E. 2d 797 (1964). However, the waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562.

*See also State v. Gerald*, 304 N.C. 511, 284 S.E. 2d 312 (1981). Recognizing the constitutional principles recited above, our Legislature enacted G.S. 15A-1242 which provides that:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

"[C]ompliance with the dictates of G.S. 15A-1242 fully satisfies the constitutional requirement that waiver of counsel must be knowing and voluntary." *State v. Thacker*, 301 N.C. 348, 355, 271 S.E. 2d 252, 256 (1980).

Here, unlike in *Thacker*, the record reflects that the trial court did not question the defendant in accordance with G.S. 15A-1242. At defendant's arraignment on 16 July 1984, the following exchange took place between the defendant and the trial court:

COURT: Do you have an attorney, Mrs. Wells?

MRS. WELLS: No sir.

COURT: Do you wish to have one to represent you?

MRS. WELLS: No sir. I'm not able to hire one.

COURT: Pardon?

MRS. WELLS: I'm not able to hire one.

COURT: Do you understand that if you're an indigent person without finds [*sic*] to hire a lawyer the Court can appoint one for you; that if you're later found guilty or plead guilty, then you'll have to repay the State for that attorney's fee. Is that your request?

MRS. WELLS: No sir.

COURT: You want . . .

MRS. WELLS: I'm not able to have a lawyer.

COURT: Well, I just got through telling you . . .

MRS. WELLS: Yes sir.

COURT: . . . that if you don't have the money to hire one, the Court can appoint one for you, but if you're found guilty

or plead guilty, you'll have to repay the State for that attorney's fee at a later time. Do you understand that?

MRS. WELLS: Yes sir.

COURT: You may represent yourself or you may hire your own lawyer or you may request the Court to appoint a lawyer for you.

MRS. WELLS: I'd like to represent myself.

COURT: All right, if you will please step forward and sign a waiver, please, mam.

(The defendant, Daisy Warren Wells, signed paperwriting [*sic*] before the Clerk, Trudy Nelson.)

COURT: If you will step back, please, mam. How do you intend to plead to this charge?

MRS. WELLS: Not guilty, Your Honor.

COURT: O.K. Not guilty. Let the record show the defendant has been arraigned, plead [*sic*] not guilty.

The written Waiver of Right to Assigned Counsel signed by defendant and certified by the trial judge reads as follows:

WAIVER OF RIGHT TO ASSIGNED COUNSEL

As the undersigned party in this action, I freely and voluntarily declare that I have been clearly advised of my right to the assistance of counsel, that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive counsel.

I freely, voluntarily and knowingly declare that I do not desire to have counsel assigned to assist me, that I expressly waive that right, and that in all respects I desire to appear in my own behalf, which I understand I have the right to do.

CERTIFICATE OF JUDGE

I certify that the above named person has been fully informed in open Court of the nature of the proceeding or charges against him and of his right to have counsel assigned by the Court to represent him in this action; that he has elected in open Court to be tried in this action without the assignment of counsel; and that he has,

executed the above waiver in my presence after its meaning and effect have been fully explained to him.

While the certified written waiver asserts that defendant has been informed (1) of the charge against her, (2) the nature of and the statutory punishment for each such charge, and (3) the nature of the proceedings against her, the record discloses that the trial court failed to do any of these things.

The record discloses that the trial court only complied with the first dictate of G.S. 15A-1242. Without compliance with the first and third requirements of G.S. 15A-1242, it cannot be said that the second requirement has even begun to have been satisfied.

A written waiver of counsel is no substitute for actual compliance by the trial court with G.S. 15A-1242. The Constitution requires that waiver of counsel be knowing and voluntary and compliance with G.S. 15A-1242 insures that this requirement has been met. We reaffirm our approval of the type of questions and instructions given by the trial court to the defendant in *State v. Luker*, 65 N.C. App. 644, 650-52, 310 S.E. 2d 63, 67 (1983), *rev'd on other grounds*, 311 N.C. 301, 316 S.E. 2d 309 (1984), when a defendant expresses a desire to waive counsel and represent himself. We recommend to the trial bench adherence to that or similar conduct.

Since the record herein reflects that G.S. 15A-1242 was not complied with, "the judgment entered must be vacated and the case remanded for a determination of whether the defendant is entitled to have counsel appointed to represent [her] in this action." *State v. Hardy*, 78 N.C. App. 175, 179, 336 S.E. 2d 661, 664 (1985).

Vacated and remanded for a

New trial.

Judges WELLS and PHILLIPS concur.