STATE OF NORTH CAROLINA v. PETER WARREN

No. 8520SC1232

(Filed 15 July 1986)

1. **Criminal Law § 143.4— parole revocation hearing—waiver of counsel—intelligent and voluntary**

    Defendant's waiver of counsel in his parole revocation hearing was effective where the trial court certified that defendant had been fully informed and there was no indication in the record to support defendant's contention that the waiver was not knowing, intelligent and voluntary. N.C.G.S. § 15A-1345(e) (1983). N.C.G.S. § 15A-1242.

2. **Criminal Law § 143.12— parole revocation—consecutive sentence—not designated in judgment order—no error**

    The trial court did not err in a probation revocation hearing by failing to designate in the judgment order that the activated sentences were to run consecutively with a five-year sentence on the last (1985) charge; the trial judge in the 1985 case had specified that his sentence was to be consecutive with any sentence from probation revocation. N.C.G.S. § 15A-1354(a) (1985 Cum. Supp.).

APPEAL by defendant from *Helms, Judge.* Judgment entered 1 July 1985 in Superior Court, RICHMOND County. Heard in the Court of Appeals 5 March 1986.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, for the State.*

*George E. Crump, III, for defendant appellant.*

BECTON, Judge.

On 5 April 1985, defendant Peter Warren pleaded guilty to breaking or entering and possession of implements of housebreaking and was sentenced to five years in prison. Defendant had been convicted in 1983 of uttering forged paper, breaking or

entering and larceny and sentenced to ten years in prison, suspended, after 141 days, for four years probation. Defendant had also been convicted in 1984 of credit card theft or withholding, breaking or entering and larceny and sentenced to three years in prison, suspended for five years probation.

Having violated the condition of his probation that "he commit no criminal offense in any jurisdiction" for the duration of his probation, a probation revocation hearing was held on 1 July 1985, and the superior court activated the defendant's 1983 ten-year sentence and defendant's 1984 three-year sentence. Defendant, who signed a waiver of his right to assigned counsel, now challenges the revocation proceeding as lacking in due process because the waiver was not knowingly, intelligently, and voluntarily made. Defendant contends that he was therefore effectively denied the assistance of counsel to which he is entitled under N.C. Gen. Stat. Sec. 15A-1345(e) (1983). We do not agree with defendant's contentions, and we affirm.

I

[1]  There is a statutorily recognized right to counsel at a probation revocation hearing in North Carolina that goes beyond the federal constitutional right enunciated in *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L.Ed. 2d 656, 93 S.Ct. 1756 (1973). *See* G.S. Sec. 15A-1345(3) (1983); *State v. Coltrane*, 307 N.C. 511, 514, 299 S.E. 2d 199, 201 (1983). This right can be knowingly, intelligently and voluntarily waived; however, waiver cannot be inferred from a silent record. *State v. Neeley*, 307 N.C. 247, 252, 297 S.E. 2d 389, 393 (1982).

When a defendant waives counsel at or before the trial phase of the proceedings against him or her, the record must show that the defendant was literate and competent, that he or she understood the consequences of the waiver, and that, in waiving the right, the defendant was voluntarily exercising his or her own free will. *State v. Thacker*, 301 N.C. 348, 354, 271 S.E. 2d 252, 256 (1980) (citing *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562, 95 S.Ct. 2525 (1975) ).

Although we have found no North Carolina cases that directly address the sufficiency of the waiver issue in the probation revocation context, there is federal case law that we find instruc-

tive and persuasive. In *United States v. Ross*, 503 F. 2d 940 (5th Cir. 1974), the defendant's lawyer was not notified of the revocation hearing because of the court's clerical error. Defendant was advised of his right to counsel, but waived it because he thought the hearing was "sort of informal." *Ross*, 503 F. 2d at 945. He did not sign a written waiver, and the record supported his contention that he had waived counsel under a misapprehension about the nature of the proceeding. The appeals court stated:

> . . . the record fails to show that Ross's waiver of counsel was a knowing and intelligent one. He was told that he had a right to counsel, but *at no point was he advised of the dire consequences that could flow from the proceeding*; that is, that he might immediately be returned to prison to serve the previously suspended two years and eight months of his term. Although the district judge certainly determined that Ross's waiver was voluntarily, *his inquiries never touched upon Ross's understanding of the significance of the waiver— or of the hearing itself.* Indeed, from Ross's statements the court reasonably could have inferred that Ross did not actually grasp the import of the proceeding. . . .

*Id.* (emphasis added).

In addition, we look by way of analogy to N.C. Gen. Stat. Sec. 15A-1242 (1983) and the cases which have interpreted that section.

N.C. Gen. Stat. Sec. 15A-1242 provides:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments. (1977, c. 711, s. 1.)

Compliance with the dictates of this section has been held to fully satisfy the constitutional requirement that waiver of counsel be knowing and voluntary. *State v. Thacker*, 301 N.C. at 355, 271 S.E. 2d at 256.

Defendant argues that because there is no record that the trial court informed him of the range of permissible punishment he could receive from the probation violations, his waiver could not have been knowing and voluntary. We agree that when there is *no* evidence in the record that the trial court made a thorough inquiry sufficient to comport with the dictates of G.S. Sec. 1242, due process requirements have not been met. And even when the court signs a certification indicating that this procedure has been followed, but the record belies that fact, the waiver will be invalidated. *See State v. Hardy*, 78 N.C. App. 175, 179, 336 S.E. 2d 661, 664 (1985); *State v. Wells*, 78 N.C. App. 769, 338 S.E. 2d 573 (1986).

In this case, defendant signed the standard written waiver:

As the undersigned party in this action, I freely and voluntarily declare that I have been clearly advised of my right to the assistance of counsel, that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive counsel.

I freely, voluntarily and knowingly declare that I do not desire to have counsel assigned to assist me, that I expressly waive that right, and that in all respects I desire to appear in my own behalf, which I understand I have the right to do.

s/ PETER WARREN
Signature of Defendant

The court certified that the defendant had been "fully informed in open Court of the nature of the proceedings or the charges against him and of his right to have counsel assigned . . . and that he has executed the . . . waiver in my presence after its meaning and effect have been explained to him."

Unlike the situations in *Ross, Hardy* and *Wells*, there is no indication in the record before us that defendant misunderstood the nature of the proceedings, was misunderstood by the court, or was given no chance to explain. When asked if he had anything to say, defendant replied:

> [Defendant]: Yes, sir. I just—I'm already doing time and I'd like to say that I'm guilty naturally by being sentenced. In other words, I automatically revoked my probation, but ask if any way possible, since this sentence is to be run consecutive—I lay myself on the mercy of the Court.

This suggests that defendant *did* comprehend the nature of the charges and proceedings and at least the maximum possible punishment. We are constrained to infer from the written, signed waiver and the court's certification thereof, that the dictates of G.S. Sec. 15A-1242 were followed. Defendant has simply failed to show that the waiver he executed was not knowing and voluntary.

In so holding, we nevertheless reject the State's argument that every defendant who consents to the terms of probation is charged with constructive knowledge of the implications of a probation violation, and therefore, of a probation revocation proceeding. *State v. Acuff*, 9 N.C. App. 715, 177 S.E. 2d 304 (1970), upon which the State relies for this proposition, was decided before the General Assembly saw fit to codify both the right to counsel at the probation revocation hearing stage and the constitutional dictates of *Faretta* for waiver of the right to counsel at the trial stage.

In addition, trial courts have great discretion in probation revocation proceedings. Among other things, the court may revoke the probation and impose the original sentence, revoke the probation and impose a reduced sentence, or continue the defendant on probation. *See* N.C. Gen. Stat. Sec. 15A-1344(d) (1983). By consenting to the conditions of probation, defendants do nothing more than acknowledge that they are "subject to" imposition of the original sentence. They do not forfeit their right to a knowing and voluntary waiver of counsel. To confer a right to counsel in a probation revocation hearing, but not the concomitant procedural safeguards which ensure that waiver of that right is knowingly

and voluntarily made, is to grant defendants a hollow protection indeed.

A waiver of counsel is ineffective at the probation revocation stage when the record fails to show that the defendant has knowingly and voluntarily waived the right; that is, after the trial court has made thorough inquiry and is satisfied that the defendant has been clearly advised of the right to counsel, that the defendant understands and appreciates the consequences of the decision to proceed *pro se*, and that the defendant comprehends the nature of the charges and proceedings and the range of possible punishments. When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise. The defendant in the instant case signed such a waiver, the trial court certified that defendant had been advised per G.S. Sec. 1242, and there is no record to support defendant's contention that the waiver of counsel was not knowing, intelligent and voluntary. Therefore, we must overrule this assignment of error.

## II

[2] Defendant's second assignment of error is that the trial court failed to designate in the judgment order that the activated sentences were to run consecutively with the five-year sentence on the 1985 charges.

N.C. Gen. Stat. Sec. 15A-1354(a) (1985 Cum. Supp.) provides in part:

> [W]hen a term of imprisonment is imposed on a person who is already subject to an undischarged term of imprisonment . . . the sentences may run either concurrently or consecutively, as determined by the court. If not specified, or not required by statute to run consecutively, sentences shall run concurrently.

The undischarged terms of imprisonment to which defendant was subject here were the suspended sentences in the 1983 and 1984 cases. When sentence was imposed in the 1985 case, the court properly designated *that* sentence to be "Five (5) years. To run consecutive with any sentence [defendant] may receive from [probation] Revocation in Richmond County." It was not neces-

sary, as defendant contends, for the trial court in the probation revocation proceeding to state that the activated sentences in the 1983 and 1984 cases would run consecutively with the 1985 case, because it was to happen the other way around. This assignment of error is overruled as well.

We find

No error.

Judges JOHNSON and MARTIN concur.