STATE OF NORTH CAROLINA v. WALTER CLARK LAMB

No. 9118SC127

(Filed 6 August 1991)

**Constitutional Law § 280 (NCI4th)— appearance pro se—waiver of right to counsel—inquiry at pretrial hearing—no inquiry by trial judge**

There was no error in a prosecution for carrying a concealed weapon where an inquiry was made at a pretrial hearing as to defendant's waiver of counsel and the inquiry was not repeated when defendant was tried before a different judge. Although N.C.G.S. § 15A-1242 states that the trial judge must conduct the inquiry into defendant's choice to represent himself, the statute does not mandate that the inquiry be made by the judge actually presiding at the defendant's trial. A thorough inquiry into the three substantive elements of the statute at a preliminary stage of a proceeding meets the statutory requirements even if it is by a judge other than the judge who presides at trial.

**Am Jur 2d, Criminal Law §§ 988-990, 992.**

APPEAL by defendant from judgment entered 4 October 1990 by *Judge W. Steven Allen* in GUILFORD County Superior Court. Heard in the Court of Appeals 6 June 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Barbara A. Shaw, for the State.*

*Assistant Public Defender Linda M. Mitchell for defendant-appellant.*

GREENE, Judge.

Defendant was convicted in district court of carrying a concealed weapon in violation of N.C.G.S. § 14-269 (1986). He appealed to superior court where a jury found him guilty of carrying a concealed weapon. He received a suspended six-month term of imprisonment. Defendant appeals.

On 12 September 1990, a pretrial hearing was held in superior court before Judge Russell G. Walker, Jr. Judge Walker asked defendant if he understood that he had a right to counsel and

STATE v. LAMB

[103 N.C. App. 646 (1991)]

defendant stated that he did. Judge Walker then informed defendant that if he could not hire his own attorney, one would be appointed to represent him. Judge Walker also told defendant that he had been charged with carrying a concealed weapon, that this offense was punishable by a maximum sentence of six months, and that defendant could receive active prison time as a result of this offense. Defendant indicated that he understood and stated that he was going to represent himself. Defendant also stated that he was ready to try the case immediately. Judge Walker asked defendant to sign a waiver of his right to assigned counsel, which defendant did, and Judge Walker then certified this written waiver. Defendant was arraigned, pled not guilty, and his case was scheduled for trial.

Defendant's case came on for jury trial in superior court on 4 October 1990 before Judge W. Steven Allen. After defendant's case was called for trial, Judge Allen asked defendant if he was representing himself and defendant replied that he was. Judge Allen made no further inquiry at that time. Defendant represented himself at trial and was found guilty by the jury.

---

The only issue is whether an inquiry made by a judge at a pretrial stage of a proceeding satisfies the mandates of N.C.G.S. § 15A-1242 when that judge does not preside at the subsequent trial.

> A criminal defendant has a constitutional right to the assistance of competent counsel in his defense. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Implicit in defendant's constitutional right to counsel is the right to refuse the assistance of counsel and conduct his own defense. *Faretta v. California*, 422 U.S. 806 (1975). In its decisions both prior to and after *Faretta*, this court has held that counsel may not be forced on an unwilling defendant. *State v. Thacker*, 301 N.C. 348, 271 S.E.2d 252 (1980); *State v. McNeil*, 263 N.C. 260, 139 S.E.2d 667 (1965).

*State v. Gerald*, 304 N.C. 511, 516, 284 S.E.2d 312, 316 (1981). Beyond the constitutional protections of the right to counsel afforded individuals, our legislature has regulated the process by which a defendant may elect to represent himself at trial.

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only

after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (1988).

Waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary. *State v. Thacker*, 301 N.C. 348, 354, 271 S.E.2d 252, 256 (1980). The record must affirmatively show that the inquiry mandated by N.C.G.S. § 15A-1242 was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will. *State v. Callahan*, 83 N.C. App. 323, 324, 350 S.E.2d 128, 129 (1986), *disc. rev. denied*, 319 N.C. 225, 353 S.E.2d 409 (1987). The inquiry is mandatory and failure to conduct it constitutes prejudicial error. *State v. Pruitt*, 322 N.C. 600, 603, 369 S.E.2d 590, 592 (1988).

On 12 September 1990, at the pretrial hearing, Judge Walker advised defendant of his right to counsel and of his right to have a court-appointed attorney. Judge Walker also informed defendant of the charge and range of permissible punishments. Defendant indicated that he understood. After the inquiry, defendant signed a written waiver of his right to assigned counsel. This inquiry demonstrates that defendant had been advised of his right to counsel, and comprehended the nature of the charges against him as well as the permissible punishment. Furthermore, defendant's desire to immediately try the case as well as his dialogue with Judge Walker demonstrated that he understood the consequences of the decision to represent himself. This exchange adequately examined the three areas of inquiry required under the statute.

Defendant argues, however, that Judge Walker's inquiry did not satisfy N.C.G.S. § 15A-1242 because this statute required Judge Allen, as the judge presiding at defendant's trial, to make the inquiry. Although N.C.G.S. § 15A-1242 states that the "trial judge"

must make the inquiry into defendant's choice to represent himself, we do not read the statute as mandating that the inquiry be made by the judge actually presiding at the defendant's trial. A thorough inquiry into the three substantive elements of the statute, conducted at a preliminary stage of a proceeding, meets the requirements of N.C.G.S. § 15A-1242 even if it is conducted by a judge other than the judge who presides at the subsequent trial. *See State v. Kuplen*, 316 N.C. 387, 343 S.E.2d 793 (1986) (where judge conducted inquiry at preliminary hearing on motion to withdraw, statutory requirements of N.C.G.S. § 15A-1242 were satisfied even though different judge presided at trial); *State v. Messick*, 88 N.C. App. 428, 363 S.E.2d 657, *cert. denied*, 323 N.C. 368, 373 S.E.2d 553 (1988) (where an inquiry under N.C.G.S. § 15A-1242 was made by one judge at pretrial hearing, a de novo inquiry was not required by second judge who presided at actual trial). In this case, Judge Walker conducted an inquiry at the pretrial proceeding, which covered the three substantive elements in N.C.G.S. § 15A-1242. The fact that Judge Walker did not later preside over defendant's actual trial does not invalidate compliance with the statute. The statute was fully complied with, and it was therefore unnecessary for Judge Allen to repeat the statutory inquiry.

No error.

Judges ARNOLD and PARKER concur.