STATE OF NORTH CAROLINA v. DARLON DILLON KINLOCK

No. COA01-950

(Filed 6 August 2002)

**1. Constitutional Law— right to counsel—waiver**

There was no error in a prosecution for driving while impaired and other offenses where defendant contested his waiver of his right to counsel but the judge's certification of defendant's signed waiver of counsel attested that defendant had been informed of all the statutory requirements and defendant never indicated a desire to be represented by counsel.

**2. Criminal Law— instructions—limiting instruction on prior offenses not given—no plain error**

There was no plain error in a prosecution for driving while impaired and other offenses where the court did not give an instruction limiting consideration of prior offenses, but defendant did not request the instruction and the evidence against defendant was overwhelming.

Judge BIGGS dissenting.

Appeal by defendant from judgment entered 23 January 2001 by Judge Jerry Braswell in Sampson County Superior Court. Heard in the Court of Appeals 10 June 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, and Assistant Attorney General Patricia A. Duffy, for the State.*

*Christopher Wyatt Livingston for defendant-appellant.*

STATE v. KINLOCK

[152 N.C. App. 84 (2002)]

EAGLES, Chief Judge.

On 13 August 2000 at approximately 11:30 p.m., Officer Wayne D. Burley of the Roseboro Police Department was on routine patrol when he witnessed a maroon Oldsmobile make a right turn onto Claude's Drag Road without stopping for the stop sign. Officer Burley called in the license plate and discovered that the Oldsmobile was registered to defendant, Darlon Dillon Kinlock.

Officer Burley turned on his blue lights and siren and attempted to initiate a traffic stop. Instead of stopping, defendant turned off the car's headlights, accelerated to approximately 110 miles per hour, and passed two other cars in a no-passing zone. After being chased for one and one-half miles, defendant stopped in the driveway of 2072 Claude's Drag Road. Officer Burley stopped his patrol car five to ten feet behind the Oldsmobile. He got out of his patrol car while the blue lights and "takedown lights" remained on. Officer Burley walked toward defendant who was getting out of the driver's side of the Oldsmobile. Officer Burley ordered defendant to "come here for a second." Defendant replied that he "didn't have time for this now." As Officer Burley reached out to forcibly arrest defendant, defendant jumped over the hood of the Oldsmobile and began running toward the backyard of 2072 Claude's Drag Road. Officer Burley radioed that he was pursuing defendant on foot, gave a description of defendant's clothing, and communicated the direction in which defendant was running. Officer Burley followed defendant to the back of the residence at 2072 Claude's Drag Road, which was overgrown with vegetation and brush. He was unable to locate defendant.

After unsuccessfully searching for defendant, Officer Burley went back to his patrol car to await a wrecker. At his patrol car, he encountered Sampson County Sheriff's Deputy Edward Stephens and another deputy. Deputy Stephens told Officer Burley that there was a large crowd gathered down the road at the Melvin residence and that defendant may have gone there. As Deputy Stephens approached the Melvin residence, he saw a vehicle begin to drive away. Deputy Stephens followed the vehicle to Roseboro, where it turned on Lennon Street and parked in a driveway. Deputy Stephens walked up to the car, shined his flashlight into the backseat, and saw defendant slumped down on the right side behind the front passenger seat.

Deputy Stephens opened the door to talk to defendant and noticed that defendant had grass and vegetation in his hair, that defendant's eyes were glassy, and that there was a strong odor of

alcohol coming from inside the car. Deputy Stephens radioed to Officer Burley and informed Officer Burley that defendant had been apprehended. Officer Burley arrived at the scene and arrested defendant. Officer Burley then transported defendant to the intoxilyzer room in Clinton.

When Officer Burley arrived with defendant at approximately 12:30 a.m., Trooper Shannon Smith of the North Carolina Highway Patrol began processing defendant on a DWI charge. Trooper Smith read defendant his intoxilyzer rights at 12:44 a.m. After waiting the fifteen minute observation period, at 1:02 a.m., Trooper Smith asked defendant to submit to the intoxilyzer test. Defendant refused. Trooper Smith then had defendant perform the standard psycho-physical tests—one-leg stand, walk-and-turn, sway, and finger-to-nose. After witnessing defendant's poor performance on all of these tests, Trooper Smith formed the opinion that defendant had consumed a sufficient amount of an impairing substance to appreciably impair defendant's mental and/or physical faculties. Based on these observations and Officer Burley's account of the events of the evening, Trooper Smith charged defendant with driving while impaired, driving while license revoked, reckless driving, and felony speeding to elude.

On 14 August 2000, a Sampson County grand jury indicted defendant for: (1) felony speeding to elude arrest in violation of N.C.G.S. § 20-141.5; (2) driving while impaired in violation of N.C.G.S. § 20-138.1; (3) driving while license revoked in violation of N.C.G.S. § 20-28; (4) careless and reckless driving in violation of N.C.G.S. § 20-140; (5) resisting, delaying, or obstructing an officer in violation of N.C.G.S. § 14-223; and, (6) habitual felon in violation of N.C.G.S. § 14-27.4(a)(1). On 11 December 2000, defendant signed a waiver of counsel form and the Honorable James E. Ragan entered an order releasing court appointed counsel after a hearing in open court.

Defendant's case was called for trial on 22 January 2001 before the Honorable Jerry Braswell in the Criminal Session of Superior Court in Clinton, Sampson County, North Carolina. At trial, Judge Braswell questioned defendant about his decision to proceed pro se:

THE COURT: Okay, Mr. Kinlock, your case is the first case for trial today. The calendar indicates that you have waived your right to a court appointed attorney. Is that right, sir?

DEFENDANT: Yes, sir.

**STATE v. KINLOCK**

[152 N.C. App. 84 (2002)]

THE COURT: Okay. And the waiver is in the file. Do you have any questions to the Court prior to proceeding with the trial of your case, sir?

In response to this question, defendant indicated that he was willing to discuss a plea bargain. The trial court assured defendant that he would be given the chance to discuss a plea bargain with the prosecutor. In addition, the trial court explained defendant's constitutional rights to trial by jury. Assistant District Attorney Greg Butler then addressed the trial court and requested the court to further inquire about defendant's pro se appearance:

THE COURT: Mr. Kinlock, it appears as I have indicated to you before that you have waived your right to a court appointed attorney.

DEFENDANT: Yes, sir.

THE COURT: As you know, you have the right to hire your own lawyer. You have appeared in court this morning and it does not appear that a lawyer is with you. Have you hired a lawyer to represent you?

DEFENDANT: No, sir. At that time, I was going to try to hire Doug Parsons. But he said he's got so much in the courts he couldn't take my case and by the time I got around to another lawyer, it was too late.

THE COURT: You have not hired a lawyer?

DEFENDANT: No, sir. I have not hired a lawyer; couldn't get to hire no one at that time.

THE COURT: Very well. I understand. Okay.

MR. BUTLER: Thank you, Your Honor.

After hearing the evidence, a jury found defendant guilty on all charges. Judge Braswell sentenced defendant to substantial terms of imprisonment and entered judgment. Defendant appeals.

On appeal, defendant contends: (1) the trial court erred by not conducting a more extensive *Faretta* inquiry to determine the voluntary and well-informed character of defendant's waiver of counsel and (2) the trial court fundamentally erred by not giving a limiting instruction that defendant's prior convictions were to be considered only for credibility purposes.

I.

**[1]** Defendant first contends that Judge Braswell's inquiry regarding defendant's waiver of right to counsel was insufficient under the Sixth Amendment of the United States Constitution and failed to conform with the requirements of N.C.G.S. § 15A-1242. On 11 December 2000, defendant signed and Judge James E. Ragan certified a waiver of counsel. Despite this written waiver, defendant argues that N.C.G.S. § 15A-1242 required Judge Braswell, the judge who presided over defendant's trial, to conduct an inquiry into defendant's decision to represent himself.

The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." N.C.G.S. § 15A-1242 provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

In *State v. Hyatt*, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999), this Court noted:

Once given, a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant makes known to the court that he desires to withdraw the waiver and have counsel assigned to him. *State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540-41, *cert. denied*, 285 N.C. 595, 206 S.E.2d 866 (1974). Indeed, "[t]he burden of showing the change in the desire of the defendant for counsel rests upon the defendant." *Id.*

In *State v. Lamb*, 103 N.C. App. 646, 406 S.E.2d 654 (1991), this Court held that a pre-trial proceeding conducted by a judge different from the judge who presided over the trial satisfied the statutory requirement. The Court explained:

Defendant argues, however, that Judge Walker's inquiry did not satisfy N.C.G.S. § 15A-1242 because this statute required Judge Allen, as the judge presiding at defendant's trial, to make the inquiry. Although N.C.G.S. § 15A-1242 states that the "trial judge" must make the inquiry into defendant's choice to represent himself, we do not read the statute as mandating that the inquiry be made by the judge actually presiding at the defendant's trial. A thorough inquiry into the three substantive elements of the statute, conducted at a preliminary stage of a proceeding, meets the requirements of N.C.G.S. § 15A-1242 even if it is conducted by a judge other than the judge who presides at the subsequent trial. *See State v. Kuplen*, 316 N.C. 387, 343 S.E.2d 793 (1986) (where judge conducted inquiry at preliminary hearing on motion to withdraw, statutory requirements of N.C.G.S. § 15A-1242 were satisfied even though different judge presided at trial); *State v. Messick*, 88 N.C. App. 428, 363 S.E.2d 657, *cert. denied*, 323 N.C. 368, 373 S.E.2d 553 (1988) (where an inquiry under N.C.G.S. § 15A-1242 was made by one judge at pretrial hearing, a de novo inquiry was not required by second judge who presided at actual trial). In this case, Judge Walker conducted an inquiry at the pre-trial proceeding, which covered the three substantive elements in N.C.G.S. § 15A-1242. The fact that Judge Walker did not later preside over defendant's actual trial does not invalidate compliance with the statute. The statute was fully complied with, and it was therefore unnecessary for Judge Allen to repeat the statutory inquiry.

*Lamb*, 103 N.C. App. at 648-49, 406 S.E.2d at 655-56.

Here, defendant signed a waiver of counsel and that waiver was certified by Judge James E. Ragan after a pre-trial proceeding on 11 December 2000. Although there is no transcript of the waiver proceeding, "[t]here is a presumption of regularity accorded the official acts of public officers." *State v. Kornegay*, 313 N.C. 1, 19, 326 S.E.2d 881, 895 (1985). In North Carolina the burden is on the appellant to show error and to show that the error was prejudicial. *State v. Murphy*, 100 N.C. App. 33, 41, 394 S.E.2d 300, 305 (1990). "An appellate court is not required to, and should not, assume error by the trial [court] when none appears on the record before the appellate court." *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968). "When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record

indicates otherwise." *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986).

Defendant's contention that N.C.G.S. § 15A-1242 required Judge Braswell, the judge who presided over defendant's trial, to conduct an inquiry into defendant's decision to represent himself is not supported by prevailing case law. Judge Ragan's certification of defendant's signed waiver of counsel attested that defendant had been informed of all the requirements set forth in N.C.G.S. § 15A-1242. At trial before Judge Braswell, defendant never indicated a desire to be represented by counsel. *See Watson*, 21 N.C. App. at 379, 204 S.E.2d at 540-41. After careful consideration of the record and briefs, we hold that defendant's waiver of counsel was in accordance with the requirements set forth in N.C.G.S. § 15A-1242 and consistent with defendant's Sixth Amendment rights. Accordingly, this assignment of error fails.

## II.

**[2]** As his last assignment of error, defendant contends that the trial court committed plain error by not instructing the jury that evidence of defendant's prior criminal convictions could be considered only for the purpose of judging defendant's credibility. Here, defendant failed to request a limiting instruction. Despite this failure, defendant argues that the trial court had a duty, *ex mero motu*, to give a limiting instruction advising the jury that the evidence of prior offenses committed by defendant was offered only for the purpose of attacking defendant's credibility.

In *State v. Gardner*, this Court held:

A limiting instruction is required only when evidence of a prior conviction is elicited on cross-examination of a defendant and the defendant requests the instruction. In addition, evidence regarding prior convictions of a defendant is merely a subordinate feature of the case and, absent a request, the court is not required to give limiting instructions.

68 N.C. App. 515, 522, 316 S.E.2d 131, 134 (1984) (citations omitted).

"The plain error doctrine applies only in truly exceptional cases, placing a much heavier burden on the defendant than the burden imposed by N.C.G.S. § 15A-1443, which applies to defendants who have preserved their rights by timely objection." *State v. Allen*, 141

N.C. App. 610, 617, 541 S.E.2d 490, 495 (2000). To prevail under the plain error doctrine, a defendant must convince this Court, "with support from the record, that the claimed error is so fundamental, so basic, so prejudicial, or so lacking in its elements that absent the error the jury probably would have reached a different verdict." *Id.*, 541 S.E.2d at 496.

Here, defendant failed to request a limiting instruction. Even if the trial court's failure to give the limiting instruction was error, the error was harmless. On this record, defendant cannot show that absent the alleged error a different result would have probably been reached by the jury. The eyewitness testimony provided by Officer Burley, Deputy Stephens, and Trooper Smith in support of the charges against defendant was overwhelming. Accordingly, we hold that this assignment of error fails.

For the foregoing reasons, we conclude that defendant's trial was free from error.

No error.

Judge WALKER concurs.

Judge BIGGS dissents.

BIGGS, Judge, dissenting.

I respectfully disagree with the majority's determination that the trial court, on the facts of this case, was not required to conduct a more extensive inquiry before allowing defendant to proceed *pro se.*

It is well settled that a defendant has a constitutional right to waive counsel and proceed *pro se. See Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562 (1975). However, our Supreme Court has held that before allowing a defendant to waive in-court representation, the following constitutional and statutory standards must be met: (1) a defendant must "clearly and unequivocally" express a desire to waive his right to counsel and proceed *pro se*; and (2) the trial court must satisfy itself that the defendant's waiver was made "knowingly, intelligently, and voluntarily." *State v. Carter*, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994), *cert. denied*, 515 U.S. 1107, 132 L. Ed. 2d 263 (1995). Neither of these requirements has been satisfied in the case *sub judice.*

STATE v. KINLOCK

[152 N.C. App. 84 (2002)]

As the majority correctly points out, defendant signed a waiver of counsel form on 11 December 2000. Though the waiver form explicitly instructs that the defendant check only one of two boxes to indicate (1) his desire to waive assigned counsel or; (2) his desire to waive all counsel and appear on his own behalf, the defendant checked both boxes. It is unclear from the face of the form whether defendant elected to proceed without assigned counsel or whether defendant wished to proceed without any counsel and represent himself. At the very least this would suggest some level of confusion by the defendant.

Moreover, while the majority repeatedly states that the trial judge certified the waiver, an examination of the waiver indicates otherwise. Though the presiding judge signed the waiver, he failed to check either box in the certification section of the form indicating whether defendant elected to proceed without assigned counsel or whether defendant wished to proceed without all assistance of counsel. The form instructs the judge to check one of the two boxes. "[The] trial court ha[s] an affirmative obligation to be aware of and comply with all the provisions contained in the [AOC] forms." *Tevepaugh v. Tevepaugh*, 135 N.C. App. 489, 493 n. 4, 521 S.E.2d 117, 121 (1999). Thus, the waiver form cannot be accorded the "presumption of regularity" asserted by the majority.

In addition, an examination of the record clearly indicates that the defendant signed the waiver of counsel form *intending* to retain counsel and not intending to proceed *pro se*. When asked about his waiver by the trial court, the defendant stated that when he executed the waiver, "[a]t that time, I was going to try to hire [a lawyer]. . . but . . . he couldn't take my case and by the time I got around to another lawyer, it was too late." The court made no further inquiry and proceeded to trial. The court never inquired whether defendant wanted to represent himself, nor did he ever indicate he wanted to proceed *pro se*. "Statements of a desire not to be represented by court appointed counsel do not amount to expressions of an intention to represent oneself." *State v. Hutchins*, 303 N.C. 321, 339, 279 S.E.2d 788, 800 (1981).

Due to the irregularities in the waiver, we are unable to conclude that defendant clearly and unequivocally elected to proceed *pro se* as is constitutionally required. "Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention." *Id.* Therefore, it was error to allow defendant to pro-

ceed *pro se* absent an express desire to do so, and thus, he is entitled to a new trial. *See State v. McCrowre*, 312 N.C. 478, 322 S.E.2d 775 (1984) (error to allow defendant who had signed waiver of assigned counsel to proceed *pro se* where defendant gave no indication of wishing to represent himself).

Assuming *arguendo* that there had been a clear expression of intent to proceed *pro se*, defendant is nevertheless entitled to a new trial due to the court's failure to conduct the inquiry required by N.C.G.S. § 15A-1242 (2001). Again, due to the irregularities of the waiver, the majority's reliance on the proposition that "[w]hen a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise[,]" is misplaced. Absent this presumption and the lack of transcription of the hearing in which the waiver was signed, the record fails to evidence that the requirements of N.C.G.S. § 15-1242 have been met. This Court has long held that "[t]he record must affirmatively show that the [N.C.G.S. § 15A-1242] inquiry was made and that the defendant, by his answers," voluntarily and with understanding of consequences, waived his right to counsel and elected to represent himself. *State v. Callahan*, 83 N.C. App. 323, 324, 350 S.E.2d 128, 129 (1986), *disc. review denied*, 319 N.C. 225, 353 S.E.2d 409 (1987). Moreover, the trial court's inquiry must be thorough and "perfunctory questioning is not sufficient." *State v. Thomas*, 331 N.C. 671, 674-75, 417 S.E.2d 473, 476 (1992) (citation omitted). Thus the examination of defendant by Judge Braswell before proceeding to trial does not satisfy the requirements of N.C.G.S. § 15A-1242:

THE COURT: Mr. Kinlock, it appears as I have indicated to you before that you waived your right to a court appointed attorney.

DEFENDANT: Yes, sir.

THE COURT: As you know, you have the right to hire your own lawyer. You have appeared in court this morning and it does not appear that a lawyer is with you. Have you hired a lawyer to represent you?

DEFENDANT: No, sir. At that time, I was going to try to hire Doug Parsons. But he said he's got so much in the courts he couldn't take my case and by the time I got around to another lawyer, it was too late.

THE COURT: You have not hired a lawyer?

DEFENDANT: No, sir. I have not hired a lawyer; couldn't get to hire no one at that time.

THE COURT: Very well. I understand. Okay.

MR. BUTLER: Thank you, Your Honor.

This inquiry fails to satisfy two of the three requirements of N.C.G.S. § 15A-1242 that the trial court make thorough inquiry to ensure that defendant (1) understands and appreciates the consequences of his decision and; (2) comprehends the nature of the changes and proceedings and the range of permissible punishments.

Because defendant never clearly and unequivocally expressed his intention to proceed *pro se*, the trial court erred in allowing him to do so. Defendant, in the case *sub judice*, is entitled to a new trial.