STATE OF NORTH CAROLINA v. WILLIAM JOSEPH MOORE

No. 460A06

(Filed 12 June 2008)

**Constitutional Law— right to counsel—adequacy of determination of knowing, intelligent, and voluntary waiver**

The trial court erred in a capital first-degree murder case by accepting defendant's waiver of the right to counsel on 14 November 2005, and defendant is entitled to a new trial because: (1) the trial court did not make an adequate determination pursuant to N.C.G.S. § 15A-1242 whether defendant's decision to proceed *pro se* was knowingly, intelligently, and voluntarily made; (2) defendant gave the judge no indication that he appreciated the consequences of proceeding without counsel; (3) the judge received no indication that defendant comprehended the nature of the charges and proceedings and the range of permissible punishments since at the time he was permitted to waive counsel, defendant did not articulate an awareness that the crime for which he was charged was punishable by death; (4) it was not

**STATE v. MOORE**

[362 N.C. 319 (2008)]

sufficient that defendant agreed with the judge that he had been afforded excellent legal counsel; (5) it was not enough that defendant claimed his decision was made without haste and was something that he had thought about for quite some time; (6) a defendant's demeanor and tone may be relevant in a trial court's inquiry under N.C.G.S. § 15A-1242, but these factors cannot serve as a substitute for the inquiry itself; (7) defendant's literacy or competency, including defendant's level of education, could not have been apparent to the judge from his brief colloquy with defendant before allowing him to waive his right to counsel; (8) a determination whether defendant was resolutely determined to control the outcome of his prosecution does not satisfy the constitutional standard that a defendant's waiver of the right to counsel must be knowingly, intelligently, and voluntarily made; and (9) a later colloquy that took place between defendant and another judge concerning defendant's decision to waive his right to counsel was not relevant since it did not take place until the first day of defendant's sentencing proceeding on 24 April 2006, more than five months after defendant was permitted to proceed without the assistance of counsel and approximately two months after defendant, proceeding *pro se,* pleaded guilty to first-degree murder.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by Judge Clifton W. Everett, Jr. on 26 April 2006 in Superior Court, Chowan County, following defendant's plea of guilty to first-degree murder. Heard in the Supreme Court 17 March 2008.

*Roy Cooper, Attorney General, by Joan M. Cunningham, Assistant Attorney General, for the State.*

*Marilyn G. Ozer and William F.W. Massengale for defendant-appellant.*

BRADY, Justice.

Defendant William Joseph Moore pleaded guilty to the first-degree murder of Pamela Spruill Virzi on 27 February 2006 and, following a sentencing proceeding, was sentenced to death on 26 April 2006. On appeal, defendant assigns error to the trial court's acceptance of his waiver of the right to counsel on 14 November 2005. We hold that the trial court did not make an adequate determination pur-

STATE v. MOORE

[362 N.C. 319 (2008)]

suant to N.C.G.S. § 15A-1242 whether defendant's decision to proceed *pro se* was knowingly, intelligently, and voluntarily made. Because this error was prejudicial, defendant is entitled to a new trial.

## PROCEDURAL BACKGROUND

On 17 August 2004, defendant was arrested for the alleged murder of Pamela Spruill Virzi that same day. On 20 August 2004, James R. Vosburgh, a former superior court judge, was appointed by the North Carolina Office of Indigent Defense Services to represent defendant. On 7 September 2004, the Chowan County Grand Jury returned a true bill of indictment charging defendant with first-degree murder. The State subsequently elected to proceed capitally, and following the required Rule 24 conference on 27 September 2004, defendant was appointed a second trial attorney—Andrew Womble, the public defender in the First Prosecutorial District of North Carolina.

Between 22 October 2004 and 14 November 2005, defendant, through counsel, filed numerous pretrial motions pertaining to discovery, jury selection, and potential sentencing issues. At an arraignment hearing on 14 November 2005, however, defendant informed the presiding judge, the Honorable John E. Nobles, Jr., that he intended to waive his right to counsel. Following some discussion among defendant, his counsel, and Judge Nobles, defendant attested to his intention to waive his right to counsel by signing Administrative Office of the Courts form number AOC-CR-227. Judge Nobles certified defendant's waiver of his right to counsel on the same form and subsequently appointed attorney Vosburgh to serve as stand-by counsel.

On 27 February 2006, defendant, proceeding *pro se*, pleaded guilty to first-degree murder before the Honorable J. Richard Parker. Defendant's sentencing hearing was held from 24 to 26 April 2006, the Honorable Clifton W. Everett, Jr. presiding, at the conclusion of which the jury returned a binding recommendation that defendant be sentenced to death. Judge Everett sentenced defendant accordingly, and defendant now appeals his conviction and sentence of death to this Court as of right pursuant to N.C.G.S. § 7A-27(a).

## ANALYSIS

This Court has long recognized the state constitutional right of a criminal defendant " 'to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes.' "

**STATE v. MOORE**

[362 N.C. 319 (2008)]

*State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992) (quoting *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972)); *see also* N.C. Const. art. I, § 23. However, "[b]efore allowing a defendant to waive in-court representation by counsel . . . the trial court must insure that constitutional and statutory standards are satisfied." *Thomas*, 331 N.C. at 673, 417 S.E.2d at 475.

"Once a defendant clearly and unequivocally states that he wants to proceed *pro se*, the trial court . . . must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel." *Id.* at 674, 417 S.E.2d at 476 (citations omitted). A trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242. *See id.* (citing *State v. Gerald*, 304 N.C. 511, 519, 284 S.E.2d 312, 317 (1981)). This statute provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel *only after* the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (2007) (emphasis added).

In the instant case, a review of the record and transcript from defendant's 14 November 2005 arraignment reveals that Judge Nobles erred in his omission of the appropriate inquiry mandated by N.C.G.S. § 15A-1242. Rather, it appears Judge Nobles deferred to defendant's assigned counsel to provide defendant with adequate constitutional safeguards. During defendant's arraignment, the following discussion took place among defendant, his counsel, and Judge Nobles:

THE COURT: All right. Mr. Vosburgh, it is a great high honor to have you in my court, first of all. I appreciate that. I mean, obviously, I do know you having practiced in front of you a little bit, not enough, but I knew your reputation in Washington and Beaufort Counties.

**STATE v. MOORE**

[362 N.C. 319 (2008)]

You are lucky—sir, what is your last name?

[DEFENDANT]: Moore.

THE COURT: Mr. Moore to have such good attorneys. I know Mr. Womble also. I will tend to want you to follow their [advice]. But obviously, this is a very important case to you. I recognize that. The Court thinks that you are in good hands under the circumstances with Mr. Vosburgh and Mr. Womble. I would—you know, I would certainly highly recommend it whatever advice they give you, that you follow it.

In light of that if you still want to make a statement to me, I am not going to prohibit you from doing that. I wouldn't—I wouldn't give you that advice myself if I didn't truly believe that. Do you understand that?

[DEFENDANT]: Yes, sir.

THE COURT: All right. Well, you make your decision.

[DEFENDANT]: I have a long time ago.

THE COURT: All right, sir. Did you—I think the State wanted to arraign you in this matter, is that correct?

[PROSECUTOR]: Yes, sir.

THE COURT: Do you want to proceed with the arraignment, Mr. Vosburgh or do you want to go ahead and just let his statement be made?

MR. VOSBURGH: I don't believe—he wants to make his statement.

[DEFENDANT]: No, sir, I haven't. What I wanted to say is that with all that you have said about Mr. Vosburgh and Mr. Womble is true. The State has afforded me excellent legal counsel, but I still choose to represent myself.

THE COURT: All right, sir. All right, sir. In—that's fine. In light of that, I will certainly relieve Mr. Vosburgh and Mr. Womble as counsel of record if that's what [you] choose to do. I am going to appoint standby counsel. I am going to do that in the event that you need them. Do you understand that?

[DEFENDANT]: I would appreciate that.

THE COURT: Well, I will do that. I would—the Court will first, of course, ask Mr. Vosburgh if he would consider doing that.

**STATE v. MOORE**

[362 N.C. 319 (2008)]

If not, then I would ask Mr. Womble if he would consider doing that. It might be that you-all need to speak on that because whatever you ask me is what I am going to do.

MR. VOSBURGH: Your Honor, standby counsel doesn't have to do much and I think I am perfectly capable of doing that. But I think probably since I do work with the Capital Defender's Office and Mr. Womble is the chief counsel for the Public Defender's Office in this district, that depending on how long a trial of this matter will take, it would probably bring him to right much of a slow down. So if you would appoint me as standby counsel, I would be happy to accept it and do what I can without becoming reactivated in the case.

THE COURT: All right, sir. Well, I am going certainly to do that and I do appreciate it. The Court has a tremendous amount of confidence in you and particularly in a case like this where you are dealing with such a serious matter. It really does concern me, [Mr. Moore], that you—that you don't listen to the advice of your attorneys and then really don't listen to the Court. Because I don't think there is anyone in here that doesn't have your best interest at heart as to your opportunities to defend yourself or to take advantage of any legal rights that you may have.

So, again, I would encourage you to consider that situation and certainly if you continue with your thoughts of representing yourself, remember that one of the finest trial lawyers and one of the best trial lawyer[s] in the State is right there behind you.

[DEFENDANT]: I agree and this is not a decision that I have made in haste. This is something that I have thought about for quite some time.

THE COURT: All right, sir. In light of that, I am going to appoint [Mr. Vosburgh] as standby counsel.

MR. VOSBURGH: All right, sir.

THE COURT: Any other business for the Court?

[PROSECUTOR]: If we could address the arraignment, Your Honor, as to how he intends to [] plead to the charge.

[DEFENDANT]: I don't wish to enter a plea at this time.

THE COURT: Would you mind stepping down here and signing a waiver as to an attorney if you don't want one.

**STATE v. MOORE**

[362 N.C. 319 (2008)]

[DEFENDANT]: No, I don't want one.

THE COURT: All right.

The State contends that this Court's decision in *State v. Carter*, 338 N.C. 569, 451 S.E.2d 157 (1994), should control our holding in this case. In *Carter*, this Court concluded that the trial court's inquiry under N.C.G.S. § 15A-1242 "elicited the required information" from the defendant because "[the] defendant clearly indicated that he realized he was facing a possible death sentence" and "also indicated that he realized he was being retried on the same matters on which he had previously been tried during a three and one-half week long trial which ended in a mistrial." *Id.* at 583, 451 S.E.2d at 164. Thus, this Court held that the defendant was not entitled to a new trial because the trial court had sufficiently determined "that defendant's decision was both knowing and voluntary." *Id.*

In the instant case, unlike in *Carter*, defendant gave Judge Nobles no indication that he appreciated the consequences of proceeding without counsel. *See* N.C.G.S. § 15A-1242(2). Moreover, Judge Nobles received no indication that defendant comprehended "the nature of the charges and proceedings and the range of permissible punishments," since at the time he was permitted to waive counsel, defendant did not even articulate an awareness that the crime for which he was charged was punishable by death. *See id.* § 15A-1242(3).

It was not sufficient that defendant agreed with Judge Nobles that he had been afforded "excellent legal counsel." This assertion would have minimal bearing on whether defendant appreciated the consequences of proceeding without counsel and no bearing whatsoever on whether he comprehended "the nature of the charges and proceedings and the range of permissible punishments." *See id.* § 15A-1242(2), (3). Similarly, it is not enough that defendant claimed his decision was made without "haste" and was "something that [he had] thought about for quite some time." Although the extent of a defendant's deliberations when deciding to waive the right to counsel is indeed *relevant* to an inquiry under N.C.G.S. § 15A-1242, this factor is meaningless without any indication that the defendant's deliberations *have actually resulted in* an appreciation for the consequences of this decision and a comprehension of "the nature of the charges and proceedings and the range of permissible punishments." *See id.*

The State further argues that defendant's responses, "while brief, were clear, succinct and sufficient" to demonstrate that his decision

was "both knowing and voluntary," and that defendant's demeanor was "apparently calm" and revealed "no sign of confusion, reticence or hesitation." Again, a defendant's demeanor and tone may be relevant in a trial court's inquiry under N.C.G.S. § 15A-1242, but these factors cannot serve as a substitute for the inquiry itself.

Finally, the State contends there "is no question about defendant's literacy or competency," since defendant "is a college graduate who is intelligent, articulate, acted entirely appropriately throughout his hearings and who was resolutely determined to control the outcome of his prosecution." As reflected in the record and transcript of 14 November 2005, none of these factors, including defendant's level of education, could have been apparent to Judge Nobles from his brief colloquy with defendant before allowing him to waive his right to counsel. Moreover, a determination whether defendant was "resolutely determined to control the outcome of his prosecution" does not satisfy the constitutional standard set forth in *Thomas* that a defendant's waiver of the right to counsel must be "knowingly, intelligently, and voluntarily" made. *See* 331 N.C. at 674, 417 S.E.2d at 476 (citations omitted).

As the State notes in its brief, a later colloquy took place between defendant and Judge Everett concerning defendant's decision to waive his right to counsel. However, we do not consider this colloquy relevant to our holding because it did not take place until the first day of defendant's sentencing proceeding on 24 April 2006, more than five months after defendant was permitted to proceed without the assistance of counsel and approximately two months after defendant, proceeding *pro se*, pleaded guilty to first-degree murder before Judge Parker. Moreover, the colloquy took place between defendant and the last of three presiding superior court judges, who, due to the regular rotation within the superior court division, would not have known whether Judge Nobles had complied with N.C.G.S. § 15A-1242 at defendant's arraignment. Any error committed by Judge Nobles on 14 November 2005 could not have been cured on 24 April 2006, two months after defendant, without the assistance of counsel, pleaded guilty to first-degree murder.

Accordingly, we hold that Judge Nobles erred when he accepted defendant's waiver of the right to counsel on 14 November 2005 without first making the "thorough inquiry" mandated by N.C.G.S. § 15A-1242 to ensure that defendant's decision to represent himself was knowingly, intelligently, and voluntarily made. This error was prejudicial; therefore, defendant is entitled to a new trial.

**STATE v. MOORE**

[362 N.C. 319 (2008)]

Although not determinative in our decision, we take this opportunity to provide additional guidance to the trial courts of this State in their efforts to comply with the "thorough inquiry" mandated by N.C.G.S. § 15A-1242. The University of North Carolina at Chapel Hill School of Government has published a fourteen-question checklist "designed to satisfy requirements of" N.C.G.S. § 15A-1242:

1. Are you able to hear and understand me?

2. Are you now under the influence of any alcoholic beverages, drugs, narcotics, or other pills?

3. How old are you?

4. Have you completed high school? college? If not, what is the last grade you completed?

5. Do you know how to read? write?

6. Do you suffer from any mental handicap? physical handicap?

7. Do you understand that you have the right to be represented by a lawyer?

8. Do you understand that you may request that a lawyer be appointed for you if you are unable to hire a lawyer; and one will be appointed if you cannot afford to pay for one?

9. Do you understand that, if you decide to represent yourself, you must follow the same rules of evidence and procedure that a lawyer appearing in this court must follow?

10. Do you understand that, if you decide to represent yourself, the court will not give you legal advice concerning defenses, jury instructions or other legal issues that may be raised in the trial?

11. Do you understand that I must act as an impartial judge in this case, that I will not be able to offer you legal advice, and that I must treat you just as I would treat a lawyer?

12. Do you understand that you are charged with _____, and that if you are convicted of this (these) charge(s), you could be imprisoned for a maximum of _____ and that the minimum sentence is _____? (Add fine or restitution if necessary.)

13. With all these things in mind, do you now wish to ask me any questions about what I have just said to you?

14. Do you now waive your right to assistance of a lawyer, and voluntarily and intelligently decide to represent yourself in this case?

*See* 1 Super. Court Subcomm., Bench Book Comm. & N.C. Conf. of Super. Court Judges, *North Carolina Trial Judge's Bench Book* § II, ch. 6, at 12-13 (Inst. of Gov't, Chapel Hill, N.C., 3d ed. 1999) (italics omitted). While these specific questions are in no way required to satisfy the statute, they do illustrate the sort of "thorough inquiry" envisioned by the General Assembly when this statute was enacted and could provide useful guidance for trial courts when discharging their responsibilities under N.C.G.S. § 15A-1242.

Finally, "[b]ecause we dispose of this case on one assignment of error and because the other assigned errors [in defendant's brief and motion for appropriate relief] may not arise at retrial, we need not address them." *See State v. Pruitt*, 322 N.C. 600, 601, 369 S.E.2d 590, 591 (1988). Thus, we also dismiss defendant's motion for appropriate relief as moot.

NEW TRIAL; DEFENDANT'S MOTION FOR APPROPRIATE RELIEF DISMISSED AS MOOT.