STATE OF NORTH CAROLINA v. CHARLES BENJAMIN PATERSON, Defendant

No. COA10-446

(Filed 21 December 2010)

**1. Constitutional Law— waiver of counsel—waiver not ineffective**

Defendant's contention that his waiver of counsel was ineffective was rejected. Even though defendant's waiver form was incomplete, his waiver of counsel was not rendered invalid on this ground. Furthermore, defendant was not prejudiced by the fact that the trial judge apprised defendant of the charges against him and the potential punishments after the form was executed.

**2. Constitutional Law— waiver of counsel—adequate inquiry by trial court**

Defendant's argument that the trial court did not conduct adequate inquiry into his waiver of counsel was rejected where colloquies that occurred at the calendar call and prior to trial were sufficient to satisfy N.C.G.S. § 15A-1242.

**3. Constitutional Law— consequences of self-representation— no inquiry into defendant's ability to represent himself**

Defendant's argument that the trial court subjected him to inconsistent treatment during his trial on speeding and driving while impaired charges was without merit. N.C.G.S. § 15A-1242 required the trial court to determine whether defendant appreciated the consequences of representing himself prior to permitting him to represent himself, not whether defendant had the ability to represent himself as well as an attorney would be able to represent him.

Appeal by defendant from judgments entered 20 January 2010 by Judge Richard L. Doughton in Forsyth County Superior Court. Heard in the Court of Appeals 13 October 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Jess D. Mekeel, for the State.*

*Richard Croutharmel for defendant-appellant.*

HUNTER, Robert C., Judge.

Charles Benjamin Paterson ("defendant") appeals from his convictions of speeding and driving while impaired. Defendant argues that his waiver of counsel was invalid because his waiver of counsel form was incomplete and the trial court erred in failing to conduct an adequate inquiry pursuant to N.C. Gen. Stat. § 15A-1242 (2009). After careful review, we find no error.

## Background

Defendant was charged in February 2008 with speeding at 59 miles per hour in a 35 mile per hour zone and driving while impaired. In December 2008, defendant was found guilty of both charges at a bench trial in Forsyth County District Court. Defendant appealed to superior court for a trial *de novo*.

The case was initially called for trial in the Forsyth County Superior Court criminal session on 19 January 2010, with the Honorable Judge Richard L. Doughton presiding. At that time, defendant informed the trial court that he had fired his attorney, Billy Craig ("Craig"), on the day prior, that he had fired his previous attorney, James Quander ("Quander"), and that he wanted to represent himself at trial. Because neither attorney had submitted a motion to withdraw, Judge Doughton decided to wait until both attorneys were pres-

ent before making any further determinations. Once both attorneys were present, Judge Doughton allowed Quander to withdraw and Craig, who had never entered an appearance on behalf of defendant, was released from any further obligations in the case.

Judge Doughton then discussed with defendant his right to counsel as follows:

THE COURT: Now, Mr. Paterson, I need to go over with you the right to have a lawyer.

[DEFENDANT]: Yes, sir.

THE COURT: In North Carolina, every person that appears in criminal Superior Court is entitled to be represented by a lawyer if they want to be represented by a lawyer. Your first right is you have a right to hire anybody you want. Secondly, if you can't afford to hire your own lawyer and you request a court-appointed lawyer, then I'm going to ask you to fill out an affidavit of indigency, which is nothing but a statement that— it's going to show your assets, liabilities, debts, and income. Once you fill that out, I'll review it and determine whether you're financially able to hire your own lawyer or not. But I assure you, if you request a court-appointed lawyer and you can't afford one, one will be appointed for you. Thirdly, you don't have to be represented by a lawyer if you don't want to be represented by a lawyer. You can represent yourself. If you choose to do that, then I'm going to ask you to sign a waiver of your right to attorney, which is nothing but a written paper that says that "I'm going to represent myself. I don't want a lawyer."

[DEFENDANT]: Yes, sir.

THE COURT: Now, do you understand those rights?

[DEFENDANT]: Yes, [y]our Honor.

THE COURT: What do you want to do about a lawyer?

[DEFENDANT]: I'm going to represent myself.

THE COURT: All right. Have him sign a waiver and be sworn to it.

Defendant then signed a "Waiver of Counsel" form, which states:

As the undersigned party in this action, I freely and voluntarily declare that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge,

and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.

The form then prompts the defendant to select one of the following two options:

1. I waive my right to assigned counsel and that I, hereby, expressly waive that right.

2. I waive my right to all assistance of counsel which includes} my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.

Defendant did not make a selection; however, he signed the waiver form. It is undisputed that during the calendar call Judge Doughton did not discuss with defendant the charges he faced and the permissible punishments if convicted.

After defendant signed the form, Judge Doughton asked him if he would be ready to proceed to trial that week and defendant responded, "I can be if that's what you need to do. I'd like to have a little bit more time than that, but—[.]" Judge Doughton noted that it had been two years since defendant was initially charged and defendant agreed to proceed to trial within an hour's notice. Defendant's trial took place the next day, 20 January 2010. Prior to the start of trial, the following discussion took place:

THE COURT: All right. We have two charges in this case, Mr. Paterson. Mr. Paterson, you said yesterday after I advised you of your right to counsel that you decided you wanted to represent yourself in these cases. Is that correct?

[DEFENDANT]: Yes, sir.

THE COURT: Now, you understand that one charge is—looks like it's 59 in a 35, which is more than 15 miles above the posted speed limit and more than 55 miles an hour.

[DEFENDANT]: Yes, sir.

THE COURT: You're charged with that speed, and that would be—I believe it's a Class 2 misdemeanor, and you would be exposed to as much as 60 days in that case. You understand that?

[DEFENDANT]: Yes, sir.

THE COURT: You further understand that in the other case you're charged with driving while impaired, which is a misdemeanor that you can get up to two years in. You understand that?

[DEFENDANT]: Yes, sir.

THE COURT: And even understanding that, you still want to go ahead and represent yourself. Is that correct?

[DEFENDANT]: Well, to tell you the truth, I'd rather have a lawyer, but I can't afford one and I really don't want to impose upon the state to supply—

THE COURT: Well, that's your choice, as I told you yesterday.

[DEFENDANT]: Yes, sir.

THE COURT: Is that what you want to do?

[DEFENDANT]: I feel like I— I don't know. Could I apply for an attorney?

THE COURT: Well, I asked you yesterday, and you didn't apply.

[DEFENDANT]: I know that. Well, No. Your Honor, I'll go ahead and we'll try it.

THE COURT: Is that what you want to do? I mean, I'm telling you.

[DEFENDANT]: Yes, sir.

THE COURT: If that's what you want to do, we're going to go ahead and do it that way.

[DEFENDANT]: We'll go ahead and do it that way.

THE COURT: That's what you want to do, then[?]

[DEFENDANT]: Yes, sir.

THE COURT: All right. Are you ready to go ahead—now, you'll be treated just like somebody with a lawyer. You understand that.

[DEFENDANT]: Yes, sir.

At trial, Corporal Scott Lichtenhan ("Corporal Lichtenhan") of the Winston-Salem Police Department testified that he was sitting in his patrol car on Country Club Road on 3 February 2008, and, at approximately 11:00 p.m., he saw a Chevrolet pickup truck traveling at an estimated speed of 60 miles per hour. Corporal Lichtenhan turned on his radar device, which showed that the vehicle was moving at a speed of 59 miles per hour. Corporal Lichtenhan activated his blue lights and the truck pulled over in a shopping center parking lot. Defendant was alone in the driver's seat of the vehicle. When Corporal Lichtenhan asked defendant for his driver's license, he smelled a strong odor of alcohol so he called for backup. Corporal Lichtenhan then asked defendant to get out of the vehicle and perform a field sobriety test. Defendant failed the finger-to-nose test by missing the tip of his nose with either hand and touching his upper lip. Defendant next failed to properly perform the one-legged stand test and stated, " '[y]ou got me on that one.' " During the heel-to-toe walk test, defendant could not touch his heels to his toes and walked with his feet separated. According to Corporal Lichtenhan, another officer gave defendant an "Alkasensor" test, which required defendant to blow into a handheld device. The test was positive for alcohol consumption. Defendant was arrested and taken to the Forsyth County jail where he refused to take an "Intoxilyzer test."

Defendant testified that on the night of 3 February 2008 he drank four beers at a bar and that after taking a sip from a fifth beer he left to take another person home who had been drinking heavily. Defendant claimed that he was running out of gas and put his car in neutral as he drove down the hill past Corporal Lichtenhan. Defendant stated that he tapped his brakes after noticing that he was traveling at 45 miles per hour. Defendant testified that his ability to perform the tests on 3 February 2008 was impaired because he had previously broken an ankle and a wrist and had arthritis. On cross-examination defendant was able to touch his nose for the jury but claimed that it was more difficult to do this on the side of the road.

Defendant was convicted by a jury of both charges. Judge Doughton sentenced defendant to 60 days imprisonment for the speeding conviction and an additional 60 days imprisonment for the driving while impaired conviction, but suspended both sentences and placed defendant on 12 months of supervised probation. Defendant gave notice of appeal in open court.

STATE v. PATERSON

[208 N.C. App. 654 (2010)]

## Discussion

Defendant argues on appeal that: (1) his waiver of counsel form was invalid; (2) the trial court failed to perform the proper inquiry pursuant to N.C. Gen. Stat. § 15A-1242; and (3) the trial subjected defendant to inconsistent treatment at trial.

"In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation . . . and to have counsel for defense[.]" N.C. Const. art. I, § 23. Nevertheless, a criminal defendant is entitled "to handle his own case without interference by, or the assistance of, counsel . . . ." *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972). "Before allowing a defendant to waive in-court representation . . . the trial court must insure that constitutional and statutory standards are satisfied." *State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992).

> First, waiver of the right to counsel and election to proceed *pro se* must be expressed clearly and unequivocally. Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention. By requiring an unequivocal election to proceed *pro se*, courts can avoid confusion and prevent gamesmanship by savvy defendants sowing the seeds for claims of ineffective assistance of counsel.
>
> Once a defendant clearly and unequivocally states that he wants to proceed *pro se*, the trial court, to satisfy constitutional standards, must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel. In order to determine whether the waiver meets that standard, the trial court must conduct a thorough inquiry.

*Id.* at 673-74, 417 S.E.2d at 475-76 (internal citations and quotation marks omitted). Our Supreme Court has determined that N.C. Gen. Stat. § 15A-1242 "fully satisfies the constitutional requirement that waiver of counsel must be knowing and voluntary". *State v. Gerald*, 304 N.C. 511, 519, 284 S.E.2d 312, 317 (1981). N.C. Gen. Stat. § 15A-1242 states:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1)  Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2)  Understands and appreciate the consequences of this decision; and

(3)  Comprehends the nature of the charges and proceedings and the range of permissible punishments.

North Carolina has not set out any specific requirements for how the statutory inquiry must be carried out. *State v. Carter*, 338 N.C. 569, 583, 451 S.E.2d 157, 164 (1994). What is required is that "the statutorily required information [be] communicated in such a manner that defendant's decision to represent himself is knowing and voluntary." *Id.*

A.

[1] First, defendant contends that his waiver of counsel was ineffective because the appropriate box was not checked on the waiver of counsel form and because the form was executed prior to his being advised of the nature of the charges against him and the range of permissible punishments.

While a defendant may complete a waiver of counsel form, doing so is not mandatory. *State v. Heatwole*, 344 N.C. 1, 18, 473 S.E.2d 310, 317 (1996). In *Heatwole*, the defendant argued that the trial court erred in denying his motion to set aside his guilty plea because the court had not required the defendant to sign a written waiver of counsel form. *Id.* at 17, 473 S.E.2d at 318. Our Supreme Court held that even though there was not a signed waiver the trial court conducted an adequate inquiry under N.C. Gen. Stat. § 15A-1242 and that defendant knowingly and intelligently waived the assistance of counsel. *Id.* at 18-19, 473 S.E.2d at 318. Although *Heatwole* did not explicitly address written waivers which are not completely filled out, such as the waiver in the present case, our Supreme Court held in *State v. Fulp*, 355 N.C. 171, 177, 558 S.E.2d 156, 160 (2002), that "any deficiency in a written waiver can be overcome by other evidence showing that defendant 'knowingly, intelligently, and voluntarily' waived counsel." In holding that the defendant waived his right to counsel, the Court in *Fulp* stated:

Furthermore, we note that although the waiver of counsel form was not completely filled out, defendant did in fact sign the

form. This, combined with defendant's testimony in which he stated multiple times that he did not wish to have an attorney represent him, and the fact that defendant signed a transcript of plea in 1993 acknowledging that he understood his rights, the charges against him, and that he was pleading guilty to a felony, provides added evidence that defendant "knowingly, intelligently, and voluntarily" waived counsel.

*Id.* at 180, 558 S.E.2d at 161. *Heatwole* and *Fulp* stand for the proposition that a waiver of counsel form is not required, and, if a form is filled out but is deficient, the deficiency will not render the waiver invalid so long as the defendant's waiver was given knowingly, intelligently, and voluntarily. Consequently, we hold that even though defendant's waiver form was incomplete, his waiver of counsel is not rendered invalid on this ground.

We further hold that defendant's waiver of counsel was not rendered invalid because the trial court did not, prior to defendant signing the waiver form, go over the charges against him and the potential punishments associated with those charges. The trial court did discuss the charges and potential punishments with defendant the following day and defendant confirmed his desire to represent himself in open court. Although the waiver form requires the trial judge to certify that he has apprised the defendant of the charges against him and the potential punishments, given the fact that this form is not mandatory, we see no prejudice so long as the trial court does, in fact, provide that information in accordance with the statute and the defendant subsequently asserts his right to represent himself. Defendant in this case provided an oral waiver of counsel prior to trial, after the trial court fully informed him of the charges and potential punishments. Defendant focuses on inadequacies in the written waiver, but the real issue to be decided is whether the trial court adequately performed the statutory inquiry and defendant knowingly and intelligently waived counsel. *See State v. Hyatt*, 132 N.C. App. 697, 703, 513 S.E.2d 90, 94 (1999) (acknowledging that "our Supreme Court has considered a written waiver as something in addition to the requirements of [N.C. Gen. Stat. §] 15A-1242, not as an alternative to it"); *State v. Warren*, 82 N.C. App. 84, 88, 345 S.E.2d 437, 440 (1986) (holding that written waiver and verbal statements by defendant were sufficient evidence that statutory inquiry was completed).

## B.

**[2]** In addition to his argument that the written waiver form was invalid, defendant argues that the trial court did not conduct an adequate inquiry pursuant to N.C. Gen. Stat. § 15A-1242. We disagree.

As stated *supra*, neither our statutes nor our courts have set out a mandatory formula for complying with N.C. Gen. Stat. § 15A-1242. Defendant relies on *State v. Moore*, 362 N.C. 319, 327-28, 661 S.E.2d 722, 727 (2008), where our Supreme Court provided a list of 14 questions that may suffice as a thorough inquiry. Defendant argues that the trial court did not ask any of those questions, and, therefore, the inquiry was not sufficient. Defendant's reliance on *Moore* is misplaced. The *Moore* Court clearly stated that while "these specific questions are in no way required to satisfy the statute, they do illustrate the sort of 'thorough inquiry' envisioned by the General Assembly when this statute was enacted and could provide useful guidance for trial courts . . . ." *Id.* at 328, 661 S.E.2d at 727.

Although Judge Doughton did not ask any of the questions listed in *Moore*, we hold that the colloquies that occurred at the calendar call and prior to trial were sufficient to satisfy N.C. Gen. Stat. § 15A-1242. Judge Doughton explicitly informed defendant of his right to counsel and the process one must undertake in order to secure a court-appointed attorney. Defendant acknowledged that he understood his rights after Judge Doughton asked him repeatedly whether he understood his rights and whether he was sure that he wanted to forego his right to counsel. Judge Doughton informed defendant of the charges against him and the potential punishments. Furthermore, Judge Doughton explained to defendant that he would be treated the same at trial regardless of whether he had an attorney. We hold that the trial court's colloquies at the calendar call and before trial, coupled with defendant's repeated assertion that he wished to represent himself, demonstrates that defendant clearly and unequivocally expressed his desire to proceed *pro se* and that such expression was made knowingly, intelligently, and voluntarily.

## C.

**[3]** Defendant alleges that the trial court subjected him to inconsistent treatment during trial. Defendant references times during the trial when the trial court admitted documents into evidence but did not ask defendant if he wanted to make a motion. In violation of N.C. R. App. P. 28(b)(6), defendant does not cite any authority to support

**MECKLENBURG CNTY. v. SIMPLY FASHION STORES, LTD.**

[208 N.C. App. 664 (2010)]

his claim that his behavior at trial is evidence that he did not understand the consequences of representing himself. Defendant's failure to understand trial procedure or the rules of evidence are not determinative as to whether defendant appreciated the consequences of his decision prior to signing the waiver. N.C. Gen. Stat. § 15A-1242 requires the trial court to determine whether a defendant appreciates the consequences of representing himself prior to permitting him to represent himself, not whether defendant has the ability to represent himself as well as an attorney would be able to represent him. Defendant's argument is without merit.

## Conclusion

Based on the foregoing, we hold that the trial court conducted the proper inquiry pursuant to N.C. Gen. Stat. § 15A-1242, and, therefore, we find no error.

No Error.

Judges CALABRIA and GEER concur.