STATE OF NORTH CAROLINA v. JACKIE RAY ANDERSON

No. COA10-1573

(Filed 16 August 2011)

## Constitutional Law—right to counsel—failure to obtain knowing, intelligent, and voluntary waiver

The trial court erred in a drugs case by allowing defendant to represent himself at trial without first obtaining a waiver of counsel that was knowing, intelligent, and voluntary as required by N.C.G.S. § 15A-1242. Defendant was not informed of both of the charges for which he was indicted, and thus, defendant received a new trial.

Judge BRYANT dissenting.

Appeal by Defendant from judgment entered 17 May 2010 by Judge Walter H. Godwin in Wilson County Superior Court. Heard in the Court of Appeals 25 May 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Donna D. Smith, for the State.*

*Michael J. Reece, for Defendant.*

BEASLEY, Judge.

On appeal, Defendant (Jackie Ray Anderson) argues that the trial court erred in allowing him to defend himself at trial. For the reasons stated herein, we grant Defendant a new trial.

On 11 September 2009, Defendant made his first appearance in Wilson County District Court following his arrest for selling a controlled substance. At this appearance, Defendant waived his right to assigned counsel by signing a "Waiver of Counsel" form. Thereafter, the waiver form was certified by the presiding district court judge.

On 11 January 2010, Defendant was indicted for selling and delivering a controlled substance in violation of N.C. Gen. Stat. § 90-95(a)(1) and for attaining habitual felon status. On 9 February 2010, Defendant made a second appearance at an administrative session of the Wilson County Superior Court. During this session, Defendant stated that he wished to represent himself on the indicted offenses. Following a brief colloquy with the presiding judge, Defendant again signed a

"Waiver of Counsel." The second waiver form was certified by the presiding superior court judge. Defendant's trial began on 17 May 2010. At trial, Defendant represented himself without the assistance of counsel. Defendant was convicted of the offenses for which he was indicted.

In his sole argument on appeal, Defendant contends that the trial court erred in allowing him to represent himself at trial without first obtaining a waiver of counsel that was knowing, intelligent and voluntary. We agree.

"A defendant's right to represent himself is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution; by Article I, Section 23 of the North Carolina Constitution; and by N.C.G.S. § 15A-1242." *State v. LeGrande*, 346 N.C. 718, 725, 487 S.E.2d 727, 730 (1997). However, "[b]efore allowing a defendant to waive in-court representation by counsel, . . . the trial court must insure that constitutional and statutory standards are satisfied." *State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992). A defendant must first clearly and unequivocally waive his right to counsel, and elect to proceed *pro se*. *State v. Flowers*, 347 N.C. 1, 17, 489 S.E.2d 391, 400 (1997). Thereafter, "the trial court must determine whether the defendant knowingly, intelligently and voluntarily waived his right to in-court representation by counsel." *Id.*

The trial court must satisfy these constitutional burdens by complying with the guidelines set forth in N.C. Gen. Stat. § 15A-1242 (2009). *State v. Reid*, 151 N.C. App. 379, 385-86, 565 S.E.2d 747, 752 (2002). The statute provides that:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2009). "The inquiry under [N.C. Gen. Stat. § 15A-1242] is mandatory, and failure to conduct it is prejudicial

error." *State v. Thomas*, 331 N.C. 671, 674, 417 S.E.2d 473, 476 (1992). A cursory review of the statutory requirements are insufficient. *Id.*

In the case *sub judice*, the trial court failed to determine whether Defendant "knowingly, intelligently and voluntarily" waived his right to counsel. " 'When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise.' " *State v. Kinlock*, 152 N.C. App. 84, 89-90, 566 S.E.2d 738, 741 (2002) (quoting *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986)). " 'A written waiver of counsel is no substitute for actual compliance by the trial court with G.S. § 15A-1242.' " *State v. Cox*, 164 N.C. App. 399, 402, 595 S.E.2d 726, 728 (2004) (quoting *State v. Wells*, 78 N.C. App. 769, 773, 338 S.E.2d 573, 575 (1986)).

On 11 September 2009, following his arrest, Defendant appeared in Wilson County District Court. It was during this first appearance that Defendant signed a form waiving his right to assigned counsel. Defendant's waiver was certified by the presiding district court judge, creating a presumption that Defendant's waiver was made knowingly, intelligently, and voluntarily. However, at the time of Defendant's district court appearance, he had not yet been indicted for having attained the status of a habitual felon. As there is no transcript of Defendant's district court appearance, we are unable to determine to what extent Defendant was informed of the charges against him and the potential punishment for those charges. Accordingly, Defendant's district court waiver of counsel is insufficient to constitute a valid waiver of counsel at his subsequent trial. Therefore, the record demonstrates that the superior court failed to adequately engage in the constitutional inquiry set forth in N.C. Gen. Stat. § 15A-1242. While the State argues that the trial court's inquiry at the 9 February 2010 hearing and the subsequent waiver signed by Defendant were sufficient enough to determine whether Defendant appropriately waived his right to counsel, we disagree.

At the February 2010 session of Superior Court, Defendant informed the prosecutor that he intended to represent himself at trial. Defendant and others who intended to represent themselves were directed to sit "in a box." The trial court addressed those who indicated a desire to represent themselves:

[THE COURT]: Ladies and gentlemen in the jury box, you got the right to remain silent. Anything you say can be used against you.

You got the right to represent yourself. You got the right to hire an attorney of your own choosing and if you feel you cannot afford an attorney—I'll review an affidavit to see if you qualify. Knowing and understanding that, all those who are going to hire an attorney, raise your hand. All right. If you'll come over here to where the sheriff directs you and sign the waiver, then I'll ask the D.A. to give you a court date.

[PROSECUTOR #1]: Can we get their names as they come up? Thank you, Your Honor.

THE COURT: After you all sign that piece of paper, tell [the prosecutor] what your name is.

. . . .

[PROSECUTOR #1]: They need to come back Thursday morning. If they're going to hire a lawyer they need to be back here with their lawyer Thursday morning.

. . . .

THE COURT: All those folks going to represent yourself raise your hand. All right. Come over here and sign the waiver.

[PROSECUTOR #1]: Your Honor, Jackie Anderson, this Defendant, has to be back here Thursday morning on stuff from Monday.

THE COURT: Okay.

[PROSECUTOR #1]: [The other prosecutor] has this case.

[PROSECUTOR #2]: How are you going to plea on this, Mr. Anderson?

THE DEFENDANT: On what?

[PROSECUTOR #1]: This is a different case.

THE DEFENDANT: What charge is it?

[PROSECUTOR #2]: The one you're here for today.

THE DEFENDANT: Not guilty.

[PROSECUTOR #2]: You can set a trial date on April the—set a trial date on April the 19th.

THE COURT: Be back April the 19th.

**STATE v. ANDERSON**

[215 N.C. App. 169 (2011)]

THE DEFENDANT: I **mean can you tell me which charge**? There were two charges.

[PROSECUTOR #2]: You got a sale of cocaine and habitual felon.

THE DEFENDANT: **Which one is this for**?

[PROSECUTOR #2]: Both of them.

[PROSECUTOR #1]: Your Honor, as far as I know he was advised to be back here on this past Monday for Thursday for the case he had on Monday's calendar. He waived, said he was going to represent himself. I don't think that one is a trial. I think that was a case where it was going to be a trial but then when he came into court he asked for a motion to continue and the judge gave him a certain amount of time to pay. I think those were misdemeanor appeals. He was going to remand but needed to have time to pay. If the Court would like him here Thursday or not.

THE COURT: Yeah, be back Thursday. We'll talk about your misdemeanor appeal case. (emphasis added).

Much of the colloquy appears unclear. It was only after Defendant persisted that the trial court informed him that he "got a sale of cocaine and habitual felon." When Defendant inquired "[w]hich one is this for" and the prosecutor responded "both of them." Defendant had not been given clarification of the specific charges to which the court was referring as the prosecution and the trial court made reference to additional pending charges for Defendant. In addition to its failure to clarify the specific charge against Defendant, the trial court failed to inform him of potential punishments. The trial court informed Defendant along with the others, that "if you feel you cannot afford an attorney—I'll review an affidavit to see if you qualify" but did not explicitly inform Defendant that he could request court-appointed counsel. It is questionable whether Defendant could have understood the consequences of his decision.

While "North Carolina has not set out any specific requirements for how the statutory inquiry must be carried out," *State v. Paterson*, ___ N.C. App. ___, ___, 703 S.E.2d 755, 759 (2010), the trial court's inquiry in this case was insufficient. Defendant was not informed of both of the charges for which he was indicted such that his waiver would be knowingly, voluntarily, and intelligently as the trial court did not inquire as to whether Defendant comprehended the

nature of the proceedings or possible punishments for conviction of the offenses. Accordingly, Defendant is entitled to a new trial.

New Trial.

Judge GEER concurs.

Judge BRYANT dissents.

BRYANT, Judge, dissenting.

The majority holds that the trial court failed to adequately engage in the constitutional inquiry set forth in N.C. Gen. Stat. § 15A-1242 (2009) and therefore grants a new trial. However, because this Court has previously established that unless the record indicates otherwise, a court certified waiver of counsel is presumed to be knowing, intelligent, and voluntary, I must respectfully dissent.

The majority holds that defendant was not informed of both of the charges for which he was indicted such that his waiver would not be knowing, voluntary, and intelligent as the trial court did not inquire as to whether defendant comprehended the nature of the proceedings and possible punishments for conviction of the offenses. I disagree.

Pursuant to N.C.G.S. § 15A-1242, a defendant may elect to represent himself *pro se* only after the trial judge makes a thorough inquiry and is satisfied that the defendant has been advised of his right to counsel, understands and appreciates the consequences of this decision, and comprehends the nature of the charges, the proceedings, and the range of permissible punishments. N.C.G.S. § 15A-1242 (2009). "When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise." *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). "In our opinion, the statute[1] does not require

---

1. The waiver of consent form exists per N.C.G.S. § 7A-457 (Waiver of counsel; pleas of guilty) and N.C.G.S. § 15A-1242 (2009) (Defendant's election to represent himself at trial). The "Acknowledgement of Rights and Waiver" signed by defendant is set out, as follows:

> As the undersigned party in this action, I freely and voluntarily declare that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and

**STATE v. ANDERSON**

[215 N.C. App. 169 (2011)]

successive waivers in writing at every court level of the proceeding. The trial in the district court and the further trial in the superior court on appeal together constituted one in-court proceeding." *State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540 (1974).

In the case *sub judice*, defendant signed two waivers of counsel. In his first appearance before the district court on 9 September 2009, defendant signed a waiver of counsel which in turn was certified by Judge Anthony Brown. Subsequently, on 9 February 2010, defendant appeared before the superior court and signed a second waiver of counsel which was certified by Judge Walter H. Godwin, Jr. Where, as here, defendant executes a waiver of counsel certified by the trial court, unless the record indicates otherwise, waiver of counsel is presumed to be knowing, intelligent, and voluntary. *Warren*, 82 N.C. App. at 89, 345 S.E.2d at 441.

The majority opinion acknowledges that defendant's waiver in district court, signed by the district court judge created a presumption that the waiver was knowing, intelligent, and voluntary. However, the majority states the district court waiver was insufficient as a valid waiver at defendant's subsequent trial in Superior Court because defendant had not yet been indicted for attaining the status of habitual felon. I accept that premise.

However, the record shows that defendant was subsequently advised of his right to counsel in Superior Court in accordance with N.C.G.S. § 15A-1242, that he stated orally and in writing he was going to represent himself, signed a waiver of counsel, which waiver was certified by a superior court judge dated 9 February 2010, creating a presumption that the second waiver was also knowing, intelligent, and voluntary. At the 9 February 2010 hearing, defendant asked for

---

appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.

"Certificate of Judge" signed by the judge is set out, as follows:·

I certify that the above named defendant has been fully informed in open court of the charges against him/her, the nature of and the statutory punishment for each charge, and the nature of the proceedings against the defendant and his/her right to have counsel assigned by the court and his/her right to have the assistance of counsel to represent him/her in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that he/she understands and appreciates the consequences of his/her decision and that the defendant has voluntarily, knowingly, and intelligently elected in open court to be tried in this action: . . . without the assignment of counsel.

clarification of the charges against him, and the assistant district attorney informed defendant, "You got a sale of cocaine and a habitual felon." Further, defendant's statements and conduct throughout the trial in which he represented himself lend support to the presumption that defendant understood the charges and potential punishments against him. Defendant testified that "It's not my first time on the stand. . . . I have had so many cases." In addition, the record demonstrates that defendant made multiple objections, extensively cross-examined witnesses, had evidence published to the jury, and at the conclusion of the state's evidence, made a motion to dismiss for lack of evidence. Throughout his trial, defendant neither made any subsequent request to withdraw his waiver of counsel nor requested assistance of counsel. Therefore, instead of supporting a failure to conduct a proper inquiry, this record, noting the actions of the trial court, along with defendant's statements and conduct throughout the course of the trial, supports the presumption that his waiver of counsel was knowing, intelligent, and voluntary. Therefore, the constitutional inquiry set forth in N.C.G.S. § 15A-1242 was satisfied. As the majority noted, our State "has not set out specific requirements for how the statutory inquiry must be carried out." *State v. Patterson*, —— N.C. App. ——, ——, 703 S.E.2d 755, 759 (2009) (citation omitted). Therefore, to hold that defendant is entitled to a new trial under circumstances as exist in this record would elevate form over substance. For the foregoing reasons, I respectfully dissent from the majority opinion granting defendant a new trial.